UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DANNICK GILCISSE MASSAMBA-BANKELA,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL NESSINGER, Warden of the Donald W. Wyatt Detention Facility; PATRICIA HYDE, Boston Field Office Director, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; and MARKWAYNE MULLIN, U.S. Secretary of Homeland Security,<br><br>Respondents. | C.A. No. 26-cv-703-MSM-PAS |

**ORDER**

MARY S. MCELROY, United States District Judge.

Before the Court is Respondents' Motion to Reconsider the Court's October 5, 2026, Order granting the Petition for Writ of Habeas Corpus, ordering Petitioner's release, and directing that he receive a bond hearing under 8 U.S.C. § 1226(a). ECF No. 6. The Court GRANTS the Motion and VACATES the October 5 Order, but concludes that the Petitioner's September 30, 2026, bond hearing did not satisfy due process.

When the Court entered the October 5 Order, the record indicated that Petitioner had not requested a bond hearing. ECF No. 3. In fact, Immigration Judge ("IJ") had held one on September 30 and denied bond on the ground that Petitioner was a flight risk. ECF Nos. 5, 5-1. Petitioner then disclosed the hearing in a status report after the Court ruled. ECF No. 5. Due to this Court's October 5 Order, Petitioner was released that day. ECF No. 9 at 1. The parties agree that reconsideration is warranted but they disagree about whether the IJ's decision permits Respondents to re-detain him.

Because the October 5 Order rested on a mistaken factual premise, the Court vacates it and considers the Petition anew on the supplemented record. *See Aybar v. Crispin-Reyes*, 118 F.3d 10, 16 (1st Cir. 1997) (Rule 59(e) permits a court to correct "a manifest error of law or fact"). Also, Petitioner's release does not deprive the Court of jurisdiction because custody is measured when the Petition was filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Here, Petitioner was detained when he filed on September 25, 2026. Nor is the case moot, because Respondents seek to re-detain him. ECF No. 6 at 2. Finally, § 1226(e) does not bar review of a bond denial challenged as legal erroneous or unconstitutional, and exhaustion is excused where, as here, Petitioner faces the irreparable harm of re-detention. *Renox Lopez v. Wesling*, 1:26-cv-00457-MSM-PAS, 2026 WL 2957941, at *2 (D.R.I. Oct. 1, 2026).

Due process requires the government to prove by a preponderance of the evidence that a noncitizen detained under § 1226(a) poses a flight risk. *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021). The Court defers to the IJ's findings

of fact and weighing of the evidence, but "[m]erely stating the proper standard does not discharge the obligation to correctly apply the standard." *Akinsanya v. Garland*, 125 F.4th 287, 297 (1st Cir. 2025).

An IJ assessing flight risk must consider alternatives to detention because doing so "helps to ensure that detention is not arbitrarily imposed and that it bears a reasonable relation to the Government's interests." *Renox Lopez*, 2026 WL 2957941, at *4 (quoting *Higiro v. Nessinger*, No. 26-cv-105-JJM-AEM, 2026 WL 710297, at *8 (D.R.I. Mar. 13, 2026)). It is the government's burden to show that such alternatives would be inadequate. *Higiro*, 2026 WL 710297, at *8. Here, the IJ stated that "there are no alternatives to detention that would ameliorate such risk," but gave no reason for that conclusion. ECF No. 14-3 at 12. The IJ's written order does not mention alternatives and nothing in DHS's submission, a three-page printout from its EARM database, addresses them. *See* ECF No. 5-1. A conclusory finding does not adequately show either that the IJ meaningfully considered alternatives or that the Government carried its burden as to them. *See Akinsanya*, 125 F.4th at 297; *Renox Lopez*, 2026 WL 2957941, at *3–4.

Respondents argue that Petitioner waived this issue because he did not ask the IJ to consider alternatives. ECF No. 16 at 11 (citing *Brito v. Garland*, 22 F.4th 240, 256 (1st Cir. 2021)). But Petitioner argued to the IJ that "[a]ny potential flight risk can be mitigated by the setting of an appropriate bond amount," and asked the IJ to consider his ability to pay. ECF No. 8-1 at 144. This is not, therefore, a case in which a petitioner failed to create "a useful record for subsequent judicial

consideration." *Brito*, 22 F.4th at 256; *see also Renox Lopez*, 2026 WL 2957941, at *4 (rejecting waiver argument where the petitioner asked the IJ to set a bond sufficient to address any flight risk). And although Petitioner is not now detained, Respondents seek to re-detain him on the strength of the IJ's decision. The Court does not reach Petitioner's remaining arguments.

Accordingly, the Court GRANTS the Respondents' Motion to Reconsider (ECF No. 6), VACATES the October 5, 2026, Order, and GRANTS the Petition (ECF No. 1). The Petitioner shall remain released on the conditions currently in place. The Respondents shall not re-detain him under § 1226(a) unless and until an IJ, after a new custody hearing at which the Government bears the burden set out in *Hernandez-Lara* and the IJ considers alternatives to detention, determines that detention is warranted. *See Higiro*, 2026 WL 710297, at *8. The Respondents shall file a status report within five (5) days of any such hearing.

IT IS SO ORDERED.

MARY S. MCELROY
United States District Judge

November 13, 2026